ANTHONY M. BEZICH, I. MICHAEL HEINE, MICHAEL D. VARBALOW, THEODORE Z. DAVIS, A. MORTON SHAPIRO AND A. DONALD BIGLEY, PLAINTIFFS-RESPONDENTS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAMDEN, RAY J. MARINI AND JOSEPH DYNAKOW-SKI, CAMDEN COUNTY TREASURER, DEFENDANTS-APPELLANTS.

Argued October 20, 1969—Decided December 1, 1969.

*Mr. Raymond W. Uliase,* First Assistant County Counsel argued the cause for appellants (*Mr. John R. Bennie,* County Counsel, attorney).

*Mr. A. Donald Bigley,* Camden County Prosecutor, argued the cause for respondents (*Mr. Robert L. Messick,* Assistant Prosecutor, on the brief).

PER CURIAM. The Board of Chosen Freeholders of the County of Camden (herein Board) refused to recognize appointments made by the Prosecutor. The trial court sustained the Prosecutor. We certified the Board's appeal before it was heard in the Appellate Division.

*N. J. S. A.* 2A:158–15 provides in subparagraph b (Camden County falls within this subparagraph) for the appointment by the Prosecutor of six Assistant Prosecutors, one of whom shall be designated as First Assistant Prosecutor. The statute authorizes the creation of additional positions of Assistant Prosecutor:

"Creation of new or additional positions of assistant prosecutor as authorized by paragraphs a. through d. of this section, as hereby amended, shall require authorization by the board of chosen freeholders of the county.

Assistant prosecutors in addition to those provided for in paragraphs a. through d. of this section may be appointed by the county prosecutor in any county of the State where there appears to be a reasonable necessity therefor, if approved by order of the assignment judge and by resolution of the board of chosen freeholders of the county."

By orders of the Assignment Judge and resolutions of the Board made and adopted pursuant to the last quoted paragraph, the Prosecutor was authorized to appoint seven

additional Assistant Prosecutors. The authorized annual salaries were $13,500 for the First Assistant Prosecutor, $12,000 for one Assistant Prosecutor, $8,500 for four Assistant Prosecutors, and $7,500 for the remaining seven.

Vacancies having occurred, the Prosecutor made these changes. One Assistant Prosecutor who was receiving $8,500 per year was moved to the position paying $12,000; two Assistant Prosecutors who were receiving $7,500 were moved to vacant positions at $8,500; and two positions at $7,500 being then open, the Prosecutor filled them with new appointees. The Board refused to recognize any of these promotions and appointments, contending they required its approval.

The Board stresses that the first of the two statutory paragraphs quoted above speaks of the "creation" of positions as authorized by subparagraphs a through d, whereas no such terminology appears in the second paragraph empowering the Prosecutor to make additional appointments "where there appears to be a reasonable necessity therefor, if approved by order of the assignment judge and by resolution of the board of chosen freeholders of the county." From this, the Board argues that the second paragraph did not intend that action under it would "create" further positions as to which there could be a vacancy, and hence the appointment of a successor must have the approval of the Board and the Assignment Judge. We see no significance in the verbiage. The thrust of the second paragraph is to authorize additional positions when reasonably needed if approved by the order of the Assignment Judge and the resolution of the Board. Such approval bespeaks a finding that a need exists. That need of course does not depend upon the identity of the appointee, nor does the need expire when the position becomes vacant.

The Board's contention could prevail only upon the premise that the Legislature intended the Board to have a voice in the selection of the incumbents. No such purpose

appears. On the contrary, the responsibility for performance rests upon the Prosecutor, and that responsibility would be diluted if the Prosecutor's right to choose were thus encumbered. *Cetrulo v. Byrne,* 31 *N. J.* 320, 328–330 (1960). The Board's role is limited solely to the creation of additional positions.

Nor does the Board have a voice in deciding whether an Assistant Prosecutor shall be moved to another position carrying higher pay. The compensation fixed by the Board attaches to the position, and the authority of the Prosecutor to fill the position without the Board's approval includes the power to move an assistant from one such position to another upon the Prosecutor's sole decision.

The judgment is affirmed.

*For affirmance*: Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*: NONE.