158 N.J. Super. 363 (1978)
386 A.2d 403
IN RE: SALARIES FOR PROBATION OFFICERS OF HUDSON COUNTY, 1976-1977.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1977.
Decided March 29, 1978.
*364 Before Judges FRITZ, BOTTER and ARD.
Mr. Robert J. Hrebek argued the cause for appellant Hudson County Executive, Edward F. Clark, Jr. (Messrs. Murray, Meagher & Granello, attorneys).
*365 Mr. Harold J. Ruvoldt, Jr., Hudson County Counsel, argued the cause for appellant Hudson County Board of Chosen Freeholders (Mr. Walter J. Greenhalgh, Assistant County Counsel, on the brief).
Mr. Peter D. Pizzuto, Deputy Attorney General, argued the cause for respondent, Hudson County Court (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
This appeal involves the single question of whether the salaries of county probation officers are to be fixed by the County Court judges as heretofore in accordance with the provisions of N.J.S.A. 2A:168-5 and 8, or by the appropriate county official in counties operating under a form of government authorized by the Optional County Charter Law, N.J.S.A. 40:41A-1 et seq. The answer to this question in turn requires a determination as to whether the later statutes impliedly repealed the former. The appeal is brought by the board of chosen freeholders and the county executive of Hudson County,[1] protesting the response by the judges of that county, sitting en banc, answering the question of implied repealer in the negative. We agree with the County Court judges and affirm.
We start with the clear proposition that appellants can prevail, if at all, only if they can demonstrate in the Optional County Charter Law an implied repealer of N.J.S.A. 2A:168-8. Otherwise the best that could be said for their position is that a conflict between that statute and the Optional County Charter Law existed. In such case we will accord preference to the specific delegation of the Title 2A statute rather than the general designation of Title 40, *366 as a more precise manifestation of legislative intent. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339 (1970); Lawrence et al. v. Butcher, 130 N.J. Super. 209, 212 (App. Div. 1974); 2A Sutherland, Statutory Construction (4 ed. 1973), § 51.05 at 315.
We would also observe at the outset that we are not unaware of the fact, made manifest in the reports of the County and Municipal Government Study Commission (L. 1966, c. 28), that a dramatic restructuring of county administration with an especial eye to fiscal management was the intention of the Commission and so of the Legislature. We recognize that the Legislature expressed an intention to widen its grant of powers under the Optional County Charter Law to as broad a base "as is consistent with the Constitution of New Jersey and with general law relating to local government," N.J.S.A. 40:41A-30, and to provide for liberal construction of that grant. Ibid.
Nevertheless, to suggest that this generosity impliedly repealed the specific delegation by statute to the respective county court judges of the power to "fix * * * annual salaries to be paid" probation officers (N.J.S.A. 2A:168-8), is to misunderstand the nature of the probation officer. The essence of this office and the officer has recently been the subject of extended and articulate exposition. Passaic Cty. Probation Officers' Ass'n v. Passaic Cty., 73 N.J. 247 (1977). Despite the fact that probation officers are paid by the county[2], it was there made clear that the importance and vitality of their role in the administration of justice, both in the criminal and civil courts throughout the State, produces their character as "an integral part of the court system." 73 N.J. at 253. Their supervision by the court was declared to have its basis in constitutional mandate.
*367 This alone serves to distinguish the probation office from a park commission (Union Cty. Park Comm'n v. Union Cty., 154 N.J. Super. 213 (Law Div. 1976), aff'd o.b. 154 N.J. Super. 125 (App. Div. 1977)), a county community college Mercer Cty. Comm. Coll. Bd. of Trust. v. Sypek, 151 N.J. Super. 1 (Law Div. 1977)), a mosquito extermination commission (Union Cty. v. State, 149 N.J. Super. 399 (Law Div. 1977)) or a welfare board (Amer. Fed'n State, Cty. Mun. Emp. v. Hudson Welf. Bd., 141 N.J. Super. 25 (Ch. Div. 1976)).
We are satisfied that the Legislature was aware of this scheme of things when it enacted the Optional County Charter Law. The Legislature is "thoroughly conversant" with its own legislation, Brewer v. Porch, 53 N.J. 167, 174 (1969) and was, we are certain, entirely aware of the regular, consistent and uniform application of N.J.S.A. 2A:168-8. In these circumstances, there is every reason to indulge the presumption against implied repealer in our search for legislative intent. Brewer v. Porch, supra, 53 N.J. at 173; Goff v. Hunt, 6 N.J. 600, 606 (1951).
Were it necessary to construe the concededly ambiguous terms of N.J.S.A. 40:41A-26, to ascertain the intent of the Legislature in its reference to the "general law" alongside of which the Optional County Charter Law was to govern the counties (N.J.S.A. 40:41A-25), we might well incline to read sections (a) and (b) conjunctively and this conjunctive pair as disjunctive from section (c). To us this seems a natural distinction where specifically enumerated subjects  in section (c)  are obviously intended to be preserved. Such an interpretation would, of course, expressly deny a repealer. In fact, it would assert a nonrepealer. But we need not undertake this effort. The general law to which reference is made clearly pertains to general law relating to local government, when the broad powers section, N.J.S.A. 40:41A-30, is read in pari materia with N.J.S.A. 40:41A-25. N.J.S.A. 2A:168-8 is not, in any *368 event, a statute relating to local government, but one dealing with an adjunct of the judiciary.
Having thus arrived at the conclusion that the Legislature intended the power of the County Court judges to fix the salaries of probation officers to remain unaffected by the Optional County Charter Law, we need not consider further the constitutionality vel non of a statute designed to limit that element of judicial supervision. See Passaic Cty. Probation Officers' Ass'n v. Passaic Cty., supra.
Appellant Hudson County Executive further argues that the judges may decline to exercise the power delegated by N.J.S.A. 2A:168-8. He extends this argument to one urging that they must decline to accept the delegation "where that delegation is incongruous with their judicial roles." Passaic Cty. Probation Officers Ass'n v. Passaic Cty., supra, is the only authority needed to reject the contention that the fixing of probation officer salaries is incongruous with judicial duties. As far as the right of the judges to choose to decline to exercise this delegated power, we need not comment beyond the mention of In re Salaries Prob. Off. Bergen Cty., 58 N.J. 422 (1971), because the judges below did not make such an election. Rather, in face of opposition they chose to do their duty in this respect. We will not in any event interfere with that decision.
Affirmed.
NOTES
[1] The appeal was taken before the statutory proceedings were complete. Were this thought to be an appeal without leave from an interlocutory order, we would in any event grant leave nunc pro tunc.
[2] It has been said that employees of the probation office are "in the state service for the purpose of appointment" and are "treated as state officers for the purpose of having their salaries fixed," but are treated as county officers "for payroll purposes." Godfrey v. McGann, 37 N.J. 28, 35-36 (1962).