172 N.J. Super. 406 (1980)
412 A.2d 461
IN THE MATTER OF COUNTY OF MERCER, APPELLANT,
v.
MERCER COUNTY SUPERINTENDENT OF ELECTIONS AND MERCER COUNCIL # 4, NEW JERSEY CIVIL SERVICE ASSOCIATION, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1980.
Decided February 28, 1980.
*407 Before Judges CRANE, MILMED and KING.
Linda Feinberg argued the cause for appellant (Harvey L. Stern, Mercer County Counsel, attorney).
Janice S. Mironov, Deputy Attorney General, argued the cause for respondent Mercer County Superintendent of Elections (John J. Degnan, Attorney General, attorney; Stephen Skillman, Assistant Attorney General, of counsel).
*408 Richard H. Greenstein argued the cause for respondent Mercer Council # 4, New Jersey Civil Service Association (Fox and Fox, attorneys).
James F. Schwerin, Deputy General Counsel, argued the cause for Public Employment Relations Commission (Sidney H. Lehmann, General Counsel, attorney).
The opinion of the court was delivered by CRANE, P.J.A.D.
Mercer County appeals from a final administrative determination of the Public Employment Relations Commission affirming a decision of the Director of Representation holding, pursuant to N.J.S.A. 34:13A-6, that the Superintendent of Elections rather than the county was the employer of the personnel in his office for the purposes of collective negotiation.
The county urges on this appeal that under the provisions of the Optional County Charter Law, N.J.S.A. 40:41A 1 et seq., it is the employer of the employees serving under the Superintendent of Elections. In support of its position the county points to the fact that the employees are paid by the county, they perform their duties in facilities provided by the county, they use supplies furnished by the county and their personnel records are kept under centralized procedures applicable to county employees generally. The county argues that it was the intent of the Legislature in adopting the Charter Law to vest centralized control of county government in a chief executive and an elected board of chosen freeholders. The county acknowledges that N.J.S.A. 19:32-27 empowers the Superintendent to appoint the employees and fix their salaries but contends that provision has been impliedly repealed by N.J.S.A. 40:41A 26(c) and that by virtue of the Mercer County Administrative Code the County Executive has been designated as the individual to conduct collective negotiations with employee groups, subject to approval and acceptance by the freeholders. For good measure, the county contends, without citation of any authority, that to *409 permit a nonelected official to enter into a binding agreement which would obligate the taxpayers to carry additional financial burdens would be a deprivation of the republican form of government guaranteed by the United States Constitution.
We find no merit in any of the county's contentions.
It is undoubtedly true that the goal of the Charter Law is to give counties greater control over their own internal situations and fiscal affairs. N.J.S.A. 40:41A 26. But the Charter Law was not intended to infringe on the powers and duties of other units of government established under the general laws of the State. N.J.S.A. 40:41A 28. Thus, counties do not have control over the salaries of probation officers, In re Salaries Probation Officers Hudson Cty., 158 N.J. Super. 363 (App. Div. 1978), certif. den. 78 N.J. 339 (1978), or the fiscal affairs of county colleges and vocational schools, Mercer Cty. Commun. College Bd. Trustees v. Sypek, 160 N.J. Super. 452 (App.Div. 1978), certif. den. 78 N.J. 327 (1978).
The office of County Superintendent of Elections has repeatedly been held to be a state rather than a county office. Meredith v. Mercer Cty. Bd. of Chosen Freeholders, 117 N.J. Super. 379, 385 (Law Div. 1970), aff'd 117 N.J. Super. 368 (App.Div. 1971), aff'd 59 N.J. 530 (1971); Keenan v. Essex Cty. Bd. of Chosen Freeholders, 101 N.J. Super. 495 (Law Div. 1968), aff'd 106 N.J. Super. 312 (App.Div. 1969); McDonald v. Bd. of Chosen Freeholders, 99 N.J.L. 393 (E. & A. 1924). Moreover, the employees of the Superintendent's office have been generally regarded as state employees. MacPhail v. Hudson Cty. Bd. of Chosen Freeholders, 6 N.J. Super. 613 (Law Div. 1950).
We reject the suggestion of the county that the appointment and salary provisions of N.J.S.A. 19:31 2 and 19:32-27 are impliedly repealed by N.J.S.A. 40:41A 26(c). In enacting legislation the Legislature is presumed to be familiar with its own prior enactments. Brewer v. Porch, 53 N.J. 167, 174 (1969). The intention to repeal a prior statute must be manifest and the language of the repealing statute must be such that it permits *410 no other reasonable interpretation, since repeals by implication are not favored. State v. States, 44 N.J. 285, 291 (1965). We find no legislative intent in N.J.S.A. 40:41A 26(c) to repeal or modify the provisions of N.J.S.A. 19:31 2 or N.J.S.A. 19:32 27. Nor do we perceive any relationship whatsoever between the determination that the Superintendent of Elections is the appropriate officer to engage in collective negotiations with his employees and the constitutional guaranty of a republican form of government. Essentially such a question is a political rather than a justiciable question. Ohio ex rel. Bryant v. Akron Metrop. Pk. Dist., 281 U.S. 74, 50 S.Ct. 228, 74 L.Ed. 710 (1930).
We attach no importance to the fact that the county maintains the personnel records of the employees, nor is the fact that the county pays the salaries determinative of the identity of the employer. See In re Brennan, 126 N.J. Super. 368 (App. Div. 1974). The determination made by the Director and affirmed by the Commission was based on traditional indicia of employer control and status and is entitled to our respect and affirmance unless shown to be clearly arbitrary and capricious. State v. Prof. Assoc. of N.J. Dep't of Ed., 64 N.J, 231, 259 (1974). We are not persuaded that the determination was arbitrary or capricious. We are fully satisfied that it is reasonable and is consonant with established principles of law.
Affirmed.