204 N.J. Super. 438 (1983)
499 A.2d 247
HAROLD J. RUVOLDT, JR., PROSECUTOR OF HUDSON COUNTY, PLAINTIFF,
v.
EDWARD F. CLARK, JR. COUNTY EXECUTIVE, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided October 27, 1983.
*439 Paul M. DePascale, Assistant Prosecutor, for plaintiff.
Frank T. Koserowski, Assistant County Counsel, for defendant.
HUMPHREYS, A.J.S.C.
The Prosecutor of Hudson County seeks to compel the County to process his requisition for the purchase of radios. The novel issue to be determined is whether the County has control over a Prosecutor's non-salary expenditures which do not exceed his budget. The court rules that the County does not.[1]
The Prosecutor in his verified complaint sets forth the following. He needs the radios to put into effect in Hudson County *440 the State Police Emergency Network Radio system. That network is the only radio system which is shared by all police departments throughout the State. The Prosecutor would use the radios to notify local police departments of an impending execution of a search warrant.
The obtaining and execution of search warrants are conducted with the utmost secrecy, often to the exclusion of local police departments. Only at the moment of execution is the local department notified of the Prosecutor's presence and intention to execute a warrant in their community. The telephone is the only presently available practical method of such local notification in Hudson County. Telephone notice in such an emotionally charged and potentially dangerous situation as the armed execution of a search warrant, is far too slow and uncertain to ensure the safety of the Prosecutor's staff, local police and the public. On at least one occasion an unsuccessful attempt to notify by telephone led to an armed confrontation in a public street between members of the Prosecutor's staff and a local uninformed patrol unit.
The total amount of the requisition is $18,570 and is based on a quote from Motorola, Inc. On several occasions in the last four months the Prosecutor's staff communicated with the Hudson County Purchasing Department in an attempt to learn the status of the requisition. To date, the Purchasing Department has not responded. The requisition in question falls well within the Prosecutor's budget appropriation for "other expenses".
The defendant does not challenge the above facts, nor has the defendant requested oral testimony or other formal proof. The County's position is that it has the right to refuse to process the Prosecutor's requisition; and that if the Prosecutor differs, he must seek approval of the Assignment Judge under the so-called Bigley Statute N.J.S.A. 2A:158-7. However, in the leading case of In re Application of Bigley, 55 N.J. 53, 58 (1969), Chief Justice Weintraub said that the Bigley statute "is fairly *441 read to continue to deal only with expenditures beyond appropriations." [Emphasis Supplied]. Here the expenditure does not exceed the amount appropriated for the Prosecutor.
The difficulty with upholding the County's position is that it would give the County the authority to control all the Prosecutor's expenditures, subject only to the overriding authority of the Assignment Judge to permit the expenditure if reasonable necessity were shown. Restricting the Prosecutor in such a manner would interfere with his independence and the proper exercise of his duties. See Bigley, supra at 56. Every time the Prosecutor wished to make an expenditure, he would have to seek the approval of county government. His effectiveness as a prosecutor could be quickly undermined by county delay or intransigence. In this case, for example, the Prosecutor submitted the requisition some five months ago. He followed up by telephone communication and by correspondence. The County completely ignored him. No reason has been advanced by the County as to why that form sat in the county office for five months. The Prosecutor cannot carry out his duties effectively if he is delayed by the inaction of county government.
The County is not totally bereft of authority with respect to the funding of the Prosecutor's Office. The County Freeholders must make the initial determination as to the amount of the appropriations for the Prosecutor's Office. If the Prosecutor differs, he must establish before the Assignment Judge the reasonable necessity of expenditures in excess of the amount authorized by the Freeholders. Furthermore, the Board of Freeholders has statutory authority to fix salaries in the Prosecutor's Office, even if those salaries are within the Prosecutor's appropriations. In re Ruvoldt Application, 187 N.J. Super. 81, 91 (App.Div. 1982). See N.J.S.A. 2A:158-16. The Freeholders, however, do not have any authority over the filling of vacancies, Bezich v. Bd. of Chosen Freeholders of Camden Cty., 55 N.J. 24, 27 (1969), "[n]or does the Board have *442 a voice in deciding whether an Assistant Prosecutor shall be moved to another position carrying higher pay." Ibid.
No reasons have been suggested as to why the County should have the power to control non-salary expenditures of the Prosecutor. To the contrary, the Bigley statute "indicates a legislative intent to place the prosecutor in a dominant position with relation to the freeholders for the purpose of maintaining his independence and effectiveness." In re Mercer Freeholders Board v. Mercer County Prosecutor, 172 N.J. Super. 411, 414 (App.Div. 1980).
The Prosecutor is a constitutional officer possessing great authority and responsibility. The Prosecutor is commonly considered the chief law enforcement officer within the county. See State v. Winne, 12 N.J. 152, 167 (1953). The Prosecutor has been said to be the foremost representative in the county of the executive branch of government in the enforcement of the criminal law. Winne, supra at 171. See also, In re Parole Application of Hawley, 98 N.J. 108 (1984) and In re Trantino Parole Application, 89 N.J. 347 (1982).
Together with the Attorney General the Prosecutor has broad powers of law enforcement. See N.J.S.A. 2A:158-4, 5 and N.J.S.A. 52:17B-102 et seq. By statute the Prosecutor is vested with and shall use all reasonable and lawful diligence for the detection, arrest, indictment and conviction of offenders against the law. N.J.S.A. 2A:158-5.
In State v. Winne, Chief Justice Vanderbilt referred to the authority of the Prosecutor in the following sweeping language:
[N]or has the legislature merely imposed duties of vast importance to the public on the county prosecutor.... It has given him power not paralleled elsewhere in the county to incur expenses in "the detection, arrest, indictment and conviction of offenders' against the law".... It is a matter of common knowledge that the local law enforcement authorities from the chanceman on his beat to the chief of police and beyond him to the director of public safety are responsive to the county prosecutor's concept of law enforcement on pain of possible indictment if they do not cooperate with him in enforcing the law. He *443 does not stand alone. He is in a position to command the cooperation of all the law enforcing authorities in the county. He is amply equipped for the performance of his indispensable task, if law and order are to be maintained in the county and all our rights both of person and of property are to be adequately safeguarded. [Winne, supra at 167-169].
See also Reiman v. Breslin, 175 N.J. Super. 353, 362 (App.Div. 1980); Rolleri v. Lord, 146 N.J. Super. 297, 305 (App.Div. 1977).
The County on the other hand is a creature of the State whose authority has definite limits. In Bergen County v. Port of N.Y. Authority, 32 N.J. 303 (1960), Chief Justice Weintraub pointed out:
[T]he county had not been expressly constituted the guardian of its citizens in their relations with the bi-state agency. Nor is that authority implicit in the nature of a county. Historically the county was solely a subdivision of the State constituted to administer state power and authority. It differed from a municipality in that, whereas a municipality was created upon the request or with the consent of the inhabitants to act both as a body politic on behalf of the State and also as a representative of the inhabitants for their local convenience in its so-called corporate or proprietary capacity, the county on the other hand was created by the State without regard to local wishes and solely to serve as a body politic. [Id. at 312].
The Chief Justice concluded:
[T]he county's powers are only those granted to it, and the municipality remains the repository of the broad police power over local affairs. The role of the county is still relatively more restricted. It surely does not embrace a guardianship of the public right to prevent other agencies of government from exceeding their powers. [Id. at 313].
The Charter Law N.J.S.A. 40:41A-26 gives counties considerable control over their own internal and fiscal affairs. "But the Charter Law was not intended to infringe on the powers and duties of other units of government established under the general laws of the State." In re County of Mercer, 172 N.J. Super. 406, 409 (App.Div. 1980).
Without in any way denigrating county government's significant place in our governmental scheme, it would be incongruous to permit county government to control the operations and functions of the Prosecutor, a constitutional officer entrusted with awesome duties of "vast importance to the public". County government has a rightful role to play in the *444 formulation and approval of the Prosecutor's budget and the fixing of salaries within the Prosecutor's office; all as set forth by statute, and all, of course, subject to the authority of the Assignment Judge under the Bigley statute.
However, the imperative of independent and effective law enforcement requires that county authority be limited to those specifically authorized areas. Expanding county authority vis-a-vis the Prosecutor is not warranted by statutory construction or good public policy.
To summarize, the non-salary expenditure sought here by the Prosecutor is within his authorized budget and therefore not subject to County control or to Assignment Judge supervision. The County must cooperate with the Prosecutor by promptly processing such expenditures.
NOTES
[1] This is an amplification of an oral opinion.