EDWARD C. SMITH, APPELLANT, v. CIVIL SERVICE COM-
MISSION OF THE STATE OF NEW JERSEY, AND THE
PASSAIC VALLEY WATER COMMISSION, RESPOND-
ENTS.

Superior Court of New Jersey
Appellate Division

Argued July 28, 1952—Decided August 28, 1952.

Before Judges DANIEL J. BRENNAN, MCLEAN and EWART.

*Mr. Emil Oxfeld* argued the cause for the appellant (*Messrs. Rothbard, Harris & Oxfeld,* attorneys; *Mr. Howard A. Goldberger* on the brief).

*Mr. John W. Griggs,* Deputy Attorney General, argued the cause for the respondent, Civil Service Commission of the State of New Jersey.

The opinion of the court was delivered by

EWART, J. S. C. Edward C. Smith, an employee of the Passaic Valley Water Commission, appeals from the action of the said Commission in changing the date of his seniority from October 31, 1938 to June 16, 1947, and from the action

of the New Jersey State Civil Service Commission in refusing to reverse the action of the said Water Commission, and in refusing to approve a settlement between the appellant Smith and the respondent, the said Water Commission, which provided that the date of seniority be fixed as of October 31, 1938, and from the action of the State Civil Service Commission in refusing appellant's petition for a rehearing of the matter.

The Passaic Valley Water Commission first adopted the State Civil Service Act on July 23, 1949, pursuant to the provisions of chapter 289, *L.* 1949 (*N. J. S. A.* 40:62–150.1–2). Prior thereto the employees of the Water Commission had no tenure rights, but served at the pleasure of the Commission.

Smith's record of employment with the Water Commission showed that he was first employed October 31, 1938 as a collector and continued in that position until December 31, 1942; that from January 1, 1943 to May 3, 1947 he was employed as a special meter reader; that he was laid off and discharged on May 3, 1947 "because his services were no longer required"; and that he was re-employed on June 16, 1947 in the position of teller, on a probationary basis, and that his employment in that position has continued from the date last named up to the date of the hearing before the Civil Service Commission.

When re-employed on June 16, 1947 his salary was fixed at a slightly lesser sum than he had been earning prior to his discharge.

Upon adoption of the provisions of the Civil Service Act on July 23, 1949, Smith's date of seniority was originally set up in the records as of October 31, 1938 but subsequently, in the month of January 1951, an affidavit was made and filed by Ralph E. Bentley, secretary-treasurer of the Water Commission, stating that:

"The official employment record of Edward C. Smith reveals that he was dropped from the payroll as of May 3, 1947 because his services were no longer required.

Deponent further says that Edward C. Smith was reinstated on June 16, 1947 and assigned to the position of teller on a probationary basis."

Upon the basis of said affidavit, Smith's seniority rating was changed from October 31, 1938 to June 16, 1947 and it is from that action that he appealed to the Civil Service Commission and, upon refusal of the Civil Service Commission to reverse the action of the Water Commission, this appeal has been taken.

The facts recited above do not appear to be in dispute.

When the matter came for hearing before the Civil Service Commission it took the position that the Civil Service Commission had no jurisdiction to decide the question of seniority in accordance with Smith's appeal because the break in the continuity of Smith's employment occurred in 1947 and the Water Commission did not come under the provisions of the Civil Service Act until July 23, 1949.

At the hearing before the Civil Service Commission it was suggested that the Water Commission had been anti-union, which suggestion was contradicted by representatives of the Commission, and that Smith had been discharged on May 3, 1947 because of his union activities. The Civil Service Commission, however, refused to permit testimony on those subjects on the ground that they were not pertinent to the decision of the appeal, and that in any event the Water Commission in 1947 had the power to hire and fire at will and that the employees had no seniority rights. There was also much discussion and argument at the hearing before the Civil Service Commission as to whether Smith had been discharged or merely laid off temporarily, and as to whether he was rehired or "reinstated." It did appear definitely, however, and was not disputed, that in fact Smith was off the payroll from May 3, 1947 until June 16, 1947, a period in excess of six weeks; that when re-employed he was given a different position at a slightly lower salary; and that he never was paid for the time that he was out of the employ of the Water Commission, nor did he ever assert a claim to

his salary for such period. The finding of the Civil Service Commission that he was in fact discharged on May 3, 1947 and re-employed on June 16, 1947 was amply supported by the record.

At the outset of the hearing before the Civil Service Commission, the parties represented to the Commission that a settlement had been agreed upon between the contending parties by which the Water Commission should withdraw the affidavit made and filed by Secretary Bentley, which affected adversely Smith's seniority rights, so that his seniority would date back to 1938 instead of 1947. The Commission refused to permit that action and proceeded to hear the appeal.

The statute (*R. S.* 11:21–9) relating to the seniority rights of officers and employees under Civil Service provides:

"Coincident with, and subsequent to, the adoption of this subtitle, the seniority rights of officers and employees shall be based upon the length of their respective prior and continuous services, and such additional and continuous services as they may render. * * *"

In view of the statutory provision quoted, the appellant's seniority rights must be fixed with reference to his prior and continuous service at the time of the adoption of the provisions of the Civil Service Act on July 23, 1949. In fact it appears, and has been admitted by the appellant, that his continuous service prior to July 23, 1949 dates back only to June 16, 1947. The willingness of the Water Commission to compromise and settle the controversy by withdrawing its secretary's affidavit showing that fact cannot alter the fact that a six-weeks break occurred in 1947 in his employment record, nor can such willingness on the part of the Water Commission amend the terms of the statute. If the appellant Smith were given a higher seniority rating than that which the facts of his employment and the statute entitle him to, such action would adversely affect the seniority standing of other employees of the Water Commission. Nor could the facts be altered by use of the word "reinstate" instead of "rehire," or "hire," in face of the definite proof that the

248

appellant Smith was in fact laid off and discharged on May 3, 1947; that he was out of the employ of the Commission for upwards of six weeks thereafter; and that he was never paid or claimed compensation for the period that he was out of the Commission's employ.

Accordingly, the action of the Passaic Valley Water Commission and the action of the State Civil Service Commission in fixing the date of seniority of the appellant Smith as of June 16, 1947 is affirmed and the appeal is dismissed.