138 N.J. Super. 364 (1976)
351 A.2d 34
MICHAEL PARELLI, PETITIONER-APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 8, 1975.
Decided January 8, 1976.
*365 Before Judges ALLCORN, KOLE and COLLESTER.
Mr. Michael Critchley, attorney for the appellant.
Mr. William F. Hyland, Attorney General, attorney for the respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Ermine L. Conley, Deputy Attorney General, on the brief).
The opinion of the court was delivered by ALLCORN, J.A.D.
Whatever may be the effect of N.J.S.A. 40A:9-5 in areas remaining subject to the exclusive jurisdiction and control of counties and municipalities *366 adopting civil service, such as salaries and wages (see N.J.S.A. 11:24-1; D'Aloia v. Civil Service Comm'n, 101 N.J.L. 427 (Sup. Ct. 1925); Libby v. Union Cty. Bd. Freeholders, 125 N.J. Super. 471 (App. Div. 1973)), we are satisfied that to the extent that any conflict or inconsistency may exist between the provisions of N.J.S.A. 40A:9-5 and the provisions of the Civil Service Act regarding seniority rights and the computation of seniority for purposes of promotion, the provisions of the Civil Service Act prevail. DeStefano v. Civil Service Comm'n, 130 N.J.L. 267, 270 (E. & A. 1943). Consequently, petitioner is entitled to have his seniority and seniority rights computed only on the basis of the continuous service rendered by him, N.J.S.A. 11:21-9; N.J.S.A. 11:22-34, which commenced upon his re-employment by the City of Newark on September 8, 1969. Smith v. Civil Service Comm'n, 21 N.J. Super. 243 (App. Div. 1952).
We find no merit to petitioner's challenges to the validity of N.J.A.C. 4:1-16.13(c).
The determination of the Civil Service Commission is affirmed.