JOHN A. COLASANTI, PLAINTIFF-RESPONDENT, v. PENSION COMMISSION OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF NEWARK AND EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF NEWARK, NEW JERSEY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted March 21, 1977—Decided April 18, 1977.

Before Judges BISCHOFF, MORGAN and KING.

*Mr. Louis S. Cohen* attorney for appellants.

*Messrs. Bianchi* and *Colasanti,* attorneys for respondent (*Mr. Anthony T. Colasanti,* of counsel and on the brief).

PER CURIAM. Defendant Pension Commission appeals a summary judgment of the trial court in this action in lieu of a prerogative writs awarding plaintiff retiree pension benefits commencing on the effective date of his retirement notwithstanding the fact that he will also be collecting full salary for 89 compensatory days owed to him as of the time of his retirement.

The only question presented by this appeal is whether the accruing of compensatory time off extends employment, thereby precluding pension payments until expiration of the payment for compensatory time. The trial judge ordered the Pension Commission to pay defendant pension benefits commencing May 3, 1975, the date his active employment with the City of Newark terminated.

Plaintiff was an employee of Newark's Department of Recreation and Parks for about 27½ years. Defendants are the Pension Commission of the Employees' Retirement System of the city, and the Retirement System itself. The former is a commission created by the Legislature to administer the affairs of the latter. *N. J. S. A.* 43:13–22.4. Plaintiff was a member of the Retirement System, also a legislative creature. *N. J. S. A.* 43:13–22.3 *et seq.*

In early 1975 plaintiff, being statutorily qualified, applied for retirement as of May 3, 1975, with pension benefits to commence on the first payday thereafter. On May 6, 1975 defendant notified the Director of Personnel for the City of Newark and the Department of Recreation and Parks that plaintiff was retired effective May 3, 1975. Department records disclosed that plaintiff was entitled to 89 compensatory days for overtime and holiday work performed prior to 1972. Until 1974 city employees, including plaintiff, were not paid for working overtime or holidays but were credited with accumulated days which entitled them to equivalent time off.

When defendants learned that plaintiff was owed these compensatory days they refused to commence pension payments until the city had completed paying him for the 89 days. The Pension Commission took the position that plaintiff was still an employee during this 89-day period and not entitled to a pension. Plaintiff had requested the amounts due be paid to him immediately in a lump sum.

*N. J. S. A.* 43:13-15 grants the Pension Commission "control and management of the fund and of the retirement of the municipal employees". This section of the statute permits defendant to "make all necessary rules and regulations regarding the same not inconsistent with this article." *N. J. S. A.* 43:13-22.19 is entitled "Retirement for age and service; maximum pensions," and states:

* * * any employee member who shall have served or who shall hereafter have served in the employ of such city in the aggregate for a period of 30 years and who shall have attained the age of 55 years, or who shall have served in the aggregate for a period of 25 years and who have or have not attained the age of 60 years, shall, upon his application, be retired on a pension * * *.

Plaintiff's pension rights are controlled by this section. In April, 1975, at the age of 63 with 27½ years of employment, when plaintiff applied for his pension benefits he met all of the statutory requirements. True, he is subject

to legislative enactment and the rules, regulations and practices of the Pension Commission, but only insofar as they are not in violation of the statute. Defendants claim pension payments should not start until salary stops, because pension payments are a substitute for wages. This proposition is generally accepted but has no application to past-due compensation. Plaintiff's entitlement to compensatory time off accrued several years before he decided to retire. Payment by an employer of past due compensation, in the form of compensatory time off, should not extend his period of employment any more than payment of a lump sum in cash for overtime or holiday work should have that effect. Defendant's practice, as demonstrated by its affidavits, with respect to other retiring employees, is entitled to no weight in light of the statutory language.

Former Justice Hall, then Judge, stated in *Matthews v. Irvington Bd. of Ed.,* 31 *N. J. Super.* 292 (App. Div. 1954), respecting a public employees' statutory pension rights:

> Equally well settled is the principal that, with respect to a pension statute, the employee has only such rights and benefits as are based upon and within the scope of the provisions thereof. *Cf. Laden v. Daly*, 132 *N. J. L.* 440 (Sup. Ct. 1945), *affirmed* 133 *N. J. L.* 314 (E. & A. 1945) *McFeely v. Pension Commission of City of Hoboken*, 8 *N. J. Super.* 575 (Law Div. 1950) ; *City of Newark v. Craster*, *supra* [28 *N. J. Super* 49]. [at 296–297]

Defendants' argument overlooks the language of *N. J. S. A.* 43:13–22.19 which mandates that an employee, if otherwise qualified, "shall, upon his application, be retired on pension * * *." We conclude that this statutory language leaves no room for equivocation in this situation. The word "shall" is presumed to be used in the mandatory sense. *Union Terminal Cold Storage Co. v. Spence,* 17 *N. J.* 162, 167 (1954).

We conclude, under the statutory language, that the Pension Commissioners were compelled to retire plaintiff upon his application and effective May 3, 1975.

Plaintiff here was owed time for past services performed. The 89 compensatory days were earned by plaintiff long before he made his request for retirement, and the city was obligated to pay him for these days. The City was indebted to him, and if it chose or was required by circumstances to pay this debt by a continuation of salary, such method has no bearing on plaintiff's right to receive his vested pension. As the trial judge stated: "This is not a question of a man holding a dual position. It is a question of a man back as late as prior to 1972 having worked overtime and not having been paid for it and not having received his compensatory time off." Requiring this plaintiff to wait until he is removed from the payroll before receipt of pension benefits is to deny him his statutory right.

Finally, we note that *N. J. S. A.* 43:13-22.29(A) provides for employee contributions to the pension fund by means of deduction "from every payment of salary." *N. J. S. A.* 43:13-22.3 defines "salary" as "annual salary or compensation earned by a member as permanent employee at the time of his death or retirement, * * *." The administrative convenience of maintaining plaintiff on the payroll after May 3, 1975, and until he was paid for the compensatory time owed, was not part of his annual "salary" under the statutory definition, in view of our holding that he was entitled to retire on that date. Additionally, the record below clearly demonstrates defendants' practice not to deduct pension contributions from cash compensation for overtime or holiday work. Pension deductions have been deducted only from the employee's regular salary. Therefore, the city will not be permitted to deduct pension contributions from the compensatory payments to plaintiff made after his retirement date on May 3, 1975.

The judgment is affirmed for the above reasons.