164 N.J. Super. 98 (1978)
395 A.2d 880
IN THE MATTER OF PISCATAWAY TOWNSHIP BOARD OF EDUCATION, RESPONDENT-APPELLANT, AND PISCATAWAY TOWNSHIP PRINCIPALS ASSOCIATION, CHARGING PARTY-RESPONDENT. PISCATAWAY TOWNSHIP BOARD OF EDUCATION, PETITIONER-APPELLANT, AND PISCATAWAY TOWNSHIP PRINCIPALS ASSOCIATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 10, 1978.
Decided November 17, 1978.
*99 Before Judges CONFORD, PRESSLER and KING.
Mr. David Rubin argued the cause for respondent-appellant and petitioner-appellant (Messrs. Rubin & Lerner, attorneys).
Mr. Don Horowitz, Deputy General Counsel, argued the cause for cross-petitioner for enforcement (Mr. Sidney H. Lehmann, General Counsel, attorney).
*100 Mr. John Harper argued the cause for charging party-respondent and respondent-respondent (Messrs. Harper & O'Brien, attorneys; Mr. James C. Fogarty on the brief).
PER CURIAM.
The Piscataway Township Board of Education (Board) and the Piscataway Township Principals Association (Association) were parties to a collective negotiation agreement effective from July 1, 1975 through June 30, 1979. On April 27, 1976 the Board unilaterally adopted a resolution reducing the yearly term of employment of a number of members of the Association from 12 months to 10 months, effective July 1, 1976, entailing a proportionate reduction in salary of such persons. The Association protested the action and filed an unfair practice charge with the Public Employment Relations Commission (PERC).
Thereafter the Board filed a petition with PERC for a scope of negotiations determination on the subject. Although the two proceedings were initially consolidated, and a stipulation of facts entered into, there was a later severance and separate determinations were made by PERC on each matter. By decision and order dated January 27, 1977 the Board's action was held to be within the scope of negotiations and by decision and order dated May 13, 1977 PERC found the Board guilty of an unfair practice in violation of N.J.S.A. 34:13A-5.4(a)(1) and (a)(5) and ordered restoration of the 12-month work year with back pay for earnings lost. The Board appeals from both orders and PERC cross-appeals for enforcement of its order.
We have no doubt that the matter of length of the work year and its inseparable concomitant  compensation  are terms and conditions of employment, within the intent of the Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq., and consequently the subject of mandatory negotiation before being put into effect by the public employer. The Board does not argue to the contrary, but asserts that its action here is properly to be regarded as a reduction in work force and that the Education Act expressly *101 authorizes it. N.J.S.A. 18A:28-9. That statute, however, recognizes only the right of a board of education "to reduce the number of teaching staff members employed in the district," which may be done for reasons of economy or other good cause.
The Board here argues that economy motivated the action complained of and that there is no material difference between the Board's right to cut staff and the right to cut months of service of staff personnel where the economy motive is common to both exercises. We disagree. While cutting staff pursuant to N.J.S.A. 18A:28-9 would be permissible unilaterally without prior negotiation, see Union Cty. Bd. of Ed. v. Union Cty. Teach. Ass'n, 145 N.J. Super. 435 (App. Div. 1976), certif. den. 71 N.J. 348 (1977), but cf. State of New Jersey v. State Supervisory Employees Ass'n, 78 N.J. 54 (1978), there cannot be the slightest doubt that cutting the work year, with the consequence of reducing annual compensation of retained personnel who customarily, and under the existing contract, work the full year (subject to normal vacations), and without prior negotiation with the employees affected, is in violation of both the text and the spirit of the Employer-Employee Relations Act. Cf. Galloway Tp. Bd. of Ed. v. Galloway Tp. Ed. Ass'n, 78 N.J. 25 (1978).
The action of the Board was both in contravention of the Association's negotiation rights and an unfair practice. The Board's miscellaneous other contentions to the contrary are without merit.
The propriety of PERC's order for back pay of the affected employees in this case has been fully vindicated by the recent decision of the Supreme Court in Galloway Tp. Bd. of Ed. v. Galloway Tp. Ass'n of Ed. Sec'ts, 78 N.J. 25 (1978).
On the Board's appeal, both determinations of PERC are affirmed.
On PERC's cross-appeal for enforcement of its decision and order in the unfair practice matter, the appeal is *102 granted and the Board is herewith ordered to comply with the said decision and order in all respects (except as to section 2a of the remedial order, as to which PERC has withdrawn its request for enforcement).