172 N.J. Super. 45 (1980)
410 A.2d 713
JOHN KENNEY, FREDERICK LAURIE AND JOHN J. SOKE, JR., PLAINTIFFS-APPELLANTS AND CROSS-RESPONDENTS,
v.
TOWNSHIP OF EAST BRUNSWICK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1979.
Decided January 21, 1980.
*46 Before Judges CRANE, MILMED and KING.
*47 J. Alan Aftanski argued the cause for plaintiffs-appellants and cross-respondents (Kolodziej and Cohan, attorneys; J. Alan Aftanski on the briefs).
Bertram E. Busch argued the cause for defendant-respondent and cross-appellant (Busch and Busch, attorneys; Bertram E. Busch, of counsel and on the briefs).
Erminie L. Conley, Assistant Attorney General, argued the constitutionality of the applicable statute, viz., N.J.S.A. 40A:9-5 (John J. Degnan, Attorney General of New Jersey, attorney; Erminie L. Conley, Assistant Attorney General, of counsel and on the brief).
PER CURIAM.
Plaintiffs John Kenney, Frederick Laurie and John J. Soke, Jr., police officers in the East Brunswick Department of Public Safety, sued defendant Township of East Brunswick (township) seeking to recover from it credit (i.e., monies and benefits allegedly due them) for prior service pursuant to N.J.S.A. 40A:9-5. Kenney, who received his appointment with defendant effective September 28, 1970, had previously been employed as a patrolman with the Middlesex County Park Police Department from June 17, 1968 through October 9, 1970. Laurie, who was appointed effective February 9, 1970, had previously been employed as a patrolman with the Middlesex County Park Police Department from January 13, 1969 through February 9, 1970. Soke became a police officer with defendant effective May 12, 1969. He had previously been a police officer with the South River Police Department from December 4, 1967 until May 11, 1969.
Following a nonjury trial judgment was entered: (1) in favor of Kenney and against defendant township for $1,185 longevity pay and 12 days vacation pay; (2) in favor of Laurie and against the township for $611 longevity pay and 5 days vacation pay, and (3) in favor of Soke and against the township for $574 *48 longevity pay and 5 days vacation pay. Plaintiffs appeal and defendant township cross-appeals from these judgments.
Plaintiffs contend that pursuant to N.J.S.A. 40A:9 5 and its predecessor, N.J.S.A. 40:11 5, they are entitled to seniority credit from defendant township for the years they spent in the employ of the County of Middlesex or Borough of South River and that "[t]his credit should be longevity pay, vacation days and salary from at least July 1, 1971 if not from the effective date of their employment with the Township." They also contend that their claims are not barred by the labor contracts which were agreed to by defendant township and the Patrolmen's Benevolent Association of which they were members, because the agreements contained a "savings clause" and because they (plaintiffs) were not aware of N.J.S.A. 40A:9 5 when the contract documents were signed; that these labor agreements do not affect their vested seniority rights, and that their claims are not barred by the doctrines of laches, waiver or estoppel.
Defendant township argues that plaintiffs are equitably estopped from asserting a claim for benefits against the township "by entering into the collective bargaining agreements"; "plaintiffs have waived any rights which they might have had under N.J.S.A. 40A:9 5"; the negotiated labor agreement, which covers salary and other benefits, controls the amount of plaintiffs' salaries by virtue of N.J.S.A. 40A:9 10.1; plaintiffs' complaint should have been dismissed because of laches and, additionally, the complaint should have been dismissed because N.J.S.A. 40A:9-5 is unconstitutional.
The trial judge did not consider the township's constitutional attack upon the statute.[1] Following oral argument earlier before another Part of this court, however, the parties were directed to file supplemental briefs and the Attorney General *49 was directed to file a brief on the issue of whether N.J.S.A. 40A:9-5 constituted unconstitutional special legislation. In this regard plaintiffs contend that the township has no standing to question the constitutionality of N.J.S.A. 40A:9 5 and, even if it did, the legislation passes constitutional muster. The Attorney General also argues that the statute is not unconstitutional special legislation. At reargument before us the issue was explored in depth.
N.J.S.A. 40A:9 5, effective July 1, 1971, provides:
Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.
Its more restrictive predecessor statute, N.J.S.A. 40:11 5, was originally enacted in 1931, L. 1931, c. 216, § 1. The 1931 legislation was, by its terms, applicable only to counties of the first class. It was extended in 1933, L. 1933, c. 154, § 1, to apply to counties of the second class as well. See Gudgeon v. Ocean Cty., 135 N.J. Super. 13, 17 (App.Div. 1975). N.J.S.A. 40A:9 5, which was enacted in 1971, L. 1971, c. 200, § 1, revised N.J.S.A. 40:11 5 in various respects, expanding the number of positions between which transfer of prior service credits is possible.
At the outset we note that it was entirely appropriate for defendant township to defend against plaintiffs' claims for monies and benefits allegedly due them for prior service pursuant to N.J.S.A. 40A:9-5 on the ground that the legislation is unconstitutional. As "fiduciaries and trustees of the public weal," Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 474 *50 (1952), cert. den. 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652, reh. den. 344 U.S. 888, 73 S.Ct. 181, 97 L.Ed. 687 (1952), the municipal governing body is entitled to a judicial determination as to the validity of a statute pursuant to which it may be required to expend public funds. See Lodi Tp. v. State, 51 N.J.L. 402 (Sup.Ct. 1889). See also Dover Tp. v. Dover Tp., Bd. of Adj., 158 N.J. Super. 401, 410 (App.Div. 1978); 17 McQuillin, Municipal Corporations (3 ed. 1968 rev. vol.) § 49.83 at 375 381; Jaffe, "Standing to Secure Judicial Review: Private Actions," 75 Harv.L.Rev. 255 at 295-302 (1961); Rhyne, Municipal Law (1957), c. 31, § 31-1 at 790-791. It is particularly on this basis[2] that we sustain the Township's standing to challenge, by way of defense, the constitutionality of the statute.
As we previously indicated, the legislation in question has been in effect in substantially the same form for almost 50 years and we approach the delicate task of examining into its constitutionality "with extreme self restraint, and with a deep awareness that the challenged enactment represents the considered action of a body composed of popularly elected representatives." N.J. Sports & Exposition Auth. v. McCrane, 61 N.J. 1, 8 (1972), app. dism., 409 U.S. 943, 93 S.Ct. 270, 34 L.Ed.2d 215 (1972). "[E]very possible presumption favors the validity of an act of the Legislature." Id. "A law will not be declared void unless its repugnancy to the Constitution is so manifest as to leave no room for doubt." In re Freygang, 46 N.J. Super. 14, 27 28 (App.Div. 1957), aff'd 25 N.J. 357 (1957).
The question we must now resolve is whether N.J.S.A. 40A:9-5 is actually a special law regulating the internal affairs of a municipality or county. If it is, compliance with the *51 procedural requirements of Art. IV, § VII, pars. 8 and 10 of the State Constitution of 1947 was prerequisite to its validity. Thus, among other things, there would have had to be compliance with (1) the requirements for public notice of intention to apply for the passage of the legislation, N.J.Const. (1947), Art. IV, § VII, par. 8; N.J.S.A. 1:6-1, and 1:6 15 and 1:6 16, and (2) the requirements regarding petitioning for the passage of the law, N.J.Const. (1947), Art. IV, § VII, par. 10; N.J.S.A. 1:6-10 et seq. Here, there was no such compliance.
To the extent that N.J.S.A. 40A:9 5 imposes an expense upon the municipalities and counties affected by its terms, it is clearly a law regulating the internal affairs of such municipalities and counties. Jersey City v. Zink, 133 N.J.L. 437, 449 (E. & A. 1945), cert. den. 326 U.S. 797, 66 S.Ct. 493, 90 L.Ed. 485 486 (1946). To determine whether the statute is impermissible special legislation we look first to the test set forth in Harvey v. Essex Cty. Freeholder Bd., 30 N.J. 381 (1959). There the court stated:
In deciding whether an act is general or special, it is what is excluded that is the determining factor and not what is included. Budd v. Hancock, 66 N.J.L. 133, 135-136 (Sup.Ct. 1901). If no one is excluded who should be encompassed, the law is general. Another requirement of a general law is that it must affect equally all of a group who, bearing in mind the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves. In Van Riper v. Parsons, 40 N.J.L. 1, 9 (Sup.Ct. 1878) the court pointed out that local and special laws rest on a false or deficient classification in that "their vice is that they do not embrace all the class to which they are naturally related; they create preference and establish inequalities; they apply to persons, things or places possessed of certain qualities or situations, and exclude from their effect other persons, things or places which are not dissimilar in these respects." See also City of Passaic v. Consolidated Police, etc., Pension Fund Commission, 18 N.J. 137, 146 (1955); Sherwood v. Bergen-Hackensack, etc., Authority, 24 N.J. Misc. 48, 53-54 (Sup.Ct. 1946), affirmed, 135 N.J.L. 304-306 (E. & A. 1946). With this distinction between a special and a general law in mind, the question is whether any appropriate person is excluded to which the law, but for its limitations, would apply. Koons v. Board of Com'rs of Atlantic City, 134 N.J.L. 329, 333 (Sup.Ct. 1946), affirmed per curiam, 135 N.J.L. *52 204 (E. & A. 1947); In re Freygang, 46 N.J. Super. 14, 23 (App.Div. 1957), affirmed, 25 N.J. 357 (1957). [at 389]
There is no question but that as N.J.S.A. 40A:9 5 now reads, municipal and county employees in counties of the third, fourth, fifth and sixth classes[3] are, for all time, excluded from participating in the prior service credit benefits provided by the legislation upon transfer to other municipal or county employment. Since the essential purpose of the statute is to "conserve the seniority rights" of the covered public employees, L. 1931, c. 216, Title, we discern no rational basis for this arbitrary exclusion. We can find no logical support for concluding that the covered public employees are distinguished from those excluded "by characteristics sufficiently marked and important to make them a class by themselves." Harvey v. Essex Cty. Freeholder Bd., supra, 30 N.J. at 389. The classification is unreasonable and arbitrary. The statute is clearly special and contravenes the constitutional provision prohibiting the passage of special or local laws "[r]egulating the internal affairs of municipalities formed for local government and counties...." N.J. *53 Const. (1947), Art. IV, § VII, par. 9(13). See, also, the prior constitutional provision, viz., N.J.Const. (1844) as amended, Art. IV, § VII, par. 11. We so hold. See Mooney v. Atlantic Cty. Freeholder Bd., 122 N.J. Super. 151 (Law Div. 1973), aff'd 125 N.J. Super. 271 (App.Div. 1973); Mason v. Paterson, 120 N.J. Super. 184, 189-191 (Law Div. 1972), aff'd 62 N.J. 471 (1973); Bayonne v. Palmer, 90 N.J. Super. 245, 284 (Ch.Div. 1966), aff'd 47 N.J. 520 (1966); 2 McQuillin, Municipal Corporations (3 ed. 1979 rev. vol.), § 4.59 at 104-105; 2 Sutherland, Statutory Construction (4 ed. 1973), § 40.09 at 169 171.
In view of our holding that N.J.S.A. 40A:9 5 is unconstitutional, a reversal is mandated in this case. However, in order to avoid a sudden and potentially extensive impact of our decision on other covered employees generally, it is, as to such employees and their municipal and county employers, to be applied prospectively only. The Legislature now in session is, of course, at liberty to provide appropriate corrective legislation. See Willis v. Conservation and Ec. Develop. Dep't., 55 N.J. 534, 541 (1970). In light of our determination, we find no need to consider any of the remaining issues raised by the respective parties.
The judgment under review is reversed. For the reasons expressed in this opinion, plaintiffs' complaint is dismissed.
NOTES
[1] We note that the issue was raised in the township's answer to the complaint. It was also listed for disposition in the pretrial order.
[2] Rather than on the basis of any denial of equal protection to the municipality as such. Compare Glassboro v. Byrne, 141 N.J. Super. 19, 23 (App.Div. 1976), certif. den. 71 N.J. 518-519 (1976).
[3] Counties of the first class are those with a population exceeding 600,000. This class now includes Essex, Hudson and Bergen. Counties of the second class include all counties, other than those bordering on the Atlantic Ocean, having a population of not less than 200,000 nor more than 600,000. This class now includes Burlington, Morris, Union, Passaic, Camden, Middlesex and Mercer. Counties of the third class include all counties, other than those bordering on the Atlantic Ocean, having a population of not less than 50,000 nor more than 200,000. This class now includes Hunterdon, Salem, Gloucester, Cumberland, Somerset, Warren and Sussex. Counties of the fourth class include all counties, other than those bordering on the Atlantic Ocean, having a population of less than 50,000. There are none now in this class. Counties of the fifth class consist of all counties bordering on the Atlantic Ocean and having a population exceeding 100,000. This class now includes Monmouth, Atlantic and Ocean. Counties of the sixth class consist of all counties bordering on the Atlantic Ocean and having a population not exceeding 100,000. This class now includes only Cape May. See N.J.S.A. 40:17-1 and 40:17-2; New Jersey Legislative Manual (1979) at 890, 907. Allocation of counties to specific classes in this footnote is according to 1970 federal census figures.