172 N.J. Super. 411 (1980)
412 A.2d 809
IN THE MATTER OF MERCER COUNTY BOARD OF CHOSEN FREEHOLDERS, APPELLANT,
v.
MERCER COUNTY PROSECUTOR, TEAMSTERS UNION LOCAL 102 AND AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL CIO, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1980.
Decided February 28, 1980.
*412 Before Judges CRANE, MILMED and KING.
Linda Feinberg argued the cause for appellant (Harvey L. Stern, Mercer County Counsel, attorney; William L. Boyan, Assistant County Counsel, of counsel).
Robert A. Farkas, Acting First Assistant Prosecutor, argued the cause for respondent Mercer County Prosecutor (Anne E. Thompson, former Mercer County Prosecutor; James F. Mulvihill, Acting Mercer County Prosecutor).
James F. Schwerin, Deputy General Counsel, argued the cause on behalf of Public Employment Relations Commission (Sidney H. Lehmann, General Counsel, attorney).
Janice S. Mironov, Deputy Attorney General, argued the cause for intervenor-respondent State of New Jersey (John J. Degnan, Attorney General, attorney; Erminie L. Conley, Assistant Attorney General, of counsel; Melvin E. Mounts, Deputy Attorney General, on the brief).
No briefs filed on behalf of respondents Teamsters Union Local 102 and American Federation of State, County and Municipal Employees, AFL CIO.
The opinion of the court was delivered by CRANE, P.J.A.D.
This matter was initiated by the filing of a petition with the Public Employment Relations Commission by Teamsters Union Local 102 seeking a certification that the union was the representative of the clerical, stenographic and technical employees of the Mercer County Prosecutor.
*413 In a decision issued May 26, 1978 (which dealt also with the petition of the Superior Officers of County Detectives Association of Bergen County) the Commission determined that the prosecutor rather than the county board of chosen freeholders was the public employer for the purpose of collective negotiations under the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq.
The freeholders have appealed, contending that the Legislature has placed the responsibility for fixing the salaries of the personnel in question on them, that the prosecutor's employees are county employees for payroll purposes and that the prosecutor is not a "public employer" under the statutory definition of N.J.S.A. 34:13A-1 et seq. The freeholders also contend that the Commission's decision improperly expands the scope of the Employer-Employee Relations Act without legislative authority. The freeholders further contend that under the Optional County Charter Law, N.J.S.A. 40:41A-1 et seq., the county is the employer of employees paid out of county funds.
In our opinion in Bergen Cty. Freeholders Bd. v. Bergen Cty. Pros'r, 172 N.J. Super. 363 (App.Div. 1980), relating to the Bergen County Prosecutor, we have dealt with all of the issues raised by the Mercer County freeholders except that relating to the effect of the Charter Law. With respect to the Charter Law, we have resolved that issue in our opinion in Mercer Cty. v. Mercer Cty. Sup't of Elections, 172 N.J. Super. 406 (App.Div. 1980), dealing with the employees of the Mercer County Superintendent of Elections. For the reasons expressed in those opinions, we affirm the determination of the Commission.
We recognize that the status of the clerical, stenographic and technical employees differs somewhat from that of the county detectives in that the appointment of the clerical employees is not specifically provided for by statute as is the appointment of county detectives and investigators. N.J.S.A. 2A:157 1 et seq. However, prosecutors are authorized by statute to incur necessary *414 expenses in the conduct of their offices and if the freeholders do not honor the prosecutor's certification of his expenses they may be ordered to pay the sums authorized by the assignment judge for the county. N.J.S.A. 2A:158-7, saved from repeal by N.J.S.A. 2C:98-3. See, also, N.J.S.A. 2A:157-18 and 19. The language of the statute indicates a legislative intent to place the prosecutor in a dominant position with relation to the freeholders for the purpose of maintaining his independence and effectiveness. In re Application of Bigley, 55 N.J. 53, 56 (1969). That case dealt with the employment of clerk stenographers as well as assistant prosecutors and investigators. We thus have no hesitation in concluding that the Commission's determination was not arbitrary or unreasonable. We are fully satisfied that the determination is consonant with the intent of the Legislature in according the Prosecutor a dominant status in relation to the appointment of personnel and the establishment of salaries and the judicial recognition of that status.
Affirmed.