FRANK P. GRIECO, PLAINTIFF-RESPONDENT, v. EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF NEWARK, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 29, 1980—Decided May 6, 1980.

Before Judges FRITZ, KOLE and LANE.

*Andrew M. Marchese* argued the cause for appellant (*Minish & Williams*, attorneys; *George J. Minish* and *Andrew M. Marchese* on the brief).

*Robert J. Hantman* argued the cause for respondent.

PER CURIAM.

This appeal raises the question whether a member of the Employees' Retirement System of the City of Newark may purchase prior service credit for his previous Essex County

employment. Upon plaintiff's complaint in lieu of prerogative writs seeking to compel defendant to permit such a purchase, the trial judge entered judgment for plaintiff. We reverse without regard to the constitutionality of *N.J.S.A.* 40A:9–5. *See Kenney v. East Brunswick Tp.*, 172 *N.J.Super.* 45 (App.Div. 1980), holding the statute unconstitutional.

The resolution of the appeal depends upon the impact, if any, of *N.J.S.A.* 40A:9–5 upon the statutory scheme under which the Employees' Retirement System of the City of Newark, *N.J.S.A.* 43:13–22.3 *et seq.*, was established. Existing in substantially the same form since 1931, *N.J.S.A.* 40A:9–5 provides:

Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, *for any purpose whatsoever*, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee has been transferred. [Emphasis added]

The sponsor's statement accompanying the Senate bill which became law states that the intent of the act was merely to establish a seniority right which had theretofore been denied. *See Gudgeon v. Ocean Cty.*, 135 *N.J.Super.* 13, 17 (App.Div. 1975). Does "for any purpose whatsoever" include the purchase of prior service credit under the Newark pension system?

None of the cases considering *N.J.S.A.* 40A:9–5 have considered whether an employee's rights under a public pension system are "seniority" rights within the contemplation of the act. To date the statute has been applied to retroactive pay differentials, vacation pay, longevity pay and preference for

promotional examinations. *Kloss v. Parsippany-Troy Hills Tp.*, 170 *N.J.Super.* 153, 161 (App.Div.1979); *Libby v. Union Cty. Bd. Freeholders*, 125 *N.J.Super.* 471, 474 (App.Div.1973); *Taureck v. Jersey City*, 149 *N.J.Super.* 503, 513–514 (Law Div.1977).

In considering whether *N.J.S.A.* 40A:9–5 should be construed to apply to pension credit, we note that since seniority rights did not exist at common law the statute must be narrowly construed against any extension of rights not clearly intended. *Fivehouse v. Passaic Valley Water Comm'n.*, 127 *N.J.Super.* 451, 455–456 (App.Div.1974), certif. den. 65 *N.J.* 565 (1974). In resolving the relationship between *N.J.S.A.* 40A:9–5 and inconsistent provisions of the Civil Service Act relating to seniority rights we have held that the more specific Civil Service Act should prevail. *Parelli v. Civil Service Dep't.*, 138 *N.J.Super.* 364, 365–366 (App.Div.1976), aff'd o.b. 72 *N.J.* 480 (1977).

The act under which the Employees' Retirement System of the City of Newark was formed, *N.J.S.A.* 43:13–22.3 *et seq.*, was enacted in 1954, well after the predecessor of *N.J.S.A.* 40A:9–5. Several provisions are made for purchase of prior service, however, all of which require that service to be within the city. *N.J.S.A.* 43:13–22.15(b)(1); *N.J.S.A.* 43:13–22.16; *N.J.S.A.* 43:13–22.16f; *N.J.S.A.* 43:13–22.16g. A 1963 amendment, *N.J.S.A.* 43:13–22.16a, permits the purchase of credit "for time served in active service in the Armed Forces of the United States while a permanent employee of the city. . . ." The only mention of prior county service is contained in *N.J.S.A.* 43:13–1.2, which applies only to employees as of the effective date of the act (1954) who are ineligible for pension fund membership by reason of having begun employment between the ages of 40 and 55. Such employees were permitted to purchase "credit for pension purposes" for any state or county service. No similar provision is made for post-1954 employees, who are governed by the above-mentioned statutes limiting purchases to prior service within the City of Newark. That the

Legislature chose to recognize prior county service in one narrow circumstance but not in any other supports the inference of a deliberate action to bar all purchases of prior service except those expressly authorized.

The Legislature has provided very specific guidelines for the purchase of prior service credit. It has restricted that right to prior service within the city with the lone exception of military service. Absent an express provision for the purchase of prior county service it is reasonable to infer that no such right was intended to be conferred. Contrary to the trial court's distrust of the Legislature's appreciation of the impact of its enactments, we must presume that the Legislature intended the limited grant of authority to purchase of prior service. *Cf. Quaremba v. Allan*, 67 *N.J.* 1, 14 (1975).

While it is true that pension legislation should be liberally construed in favor of the employee, it is settled that the employee has only such rights and benefits as are granted by the language of the act. *Colasanti v. Pension Comm'n of Emp. Retirem. System*, 149 *N.J.Super.* 215, 218 (App.Div.1977); *McHugh v. Burlington Cty.*, 44 *N.J.Super.* 401, 405 (App.Div. 1957). The language of this act allows purchase of prior city service only. To the extent the earlier and more general statute, *N.J.S.A.* 40A:9–5, appears to extend greater rights, the specific later act under which the Newark pension system was formed must prevail.

The judgment of the Law Division is reversed. The complaint will be dismissed.