WILLIAM C. MAKOWITZ AND EDMOND BURCHARDT, PLAINTIFFS-APPELLANTS, v. STATE OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE, DEFENDANT-RESPONDENT, AND TOWNSHIP OF PARSIPPANY-TROY HILLS, INTERVENOR-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1980—Decided December 22, 1980.

Before Judges FRITZ, POLOW and JOELSON.

*Jack L. Wolff* argued the cause for appellants (*Scerbo, Kobin & Wolff* attorneys).

*William Harla,* Deputy Attorney General, argued the cause for defendant-respondent (*John J. Degnan,* Attorney General, attorney; *Erminie L. Conley,* Assistant Attorney General, of counsel).

*Roy R. Claps* argued the cause for intervenor-respondent (*Pendleton & Latzer* attorneys).

PER CURIAM.

Petitioners, as members of the Parsippany-Troy Hills police department, were declared ineligible for a promotional examination for police sergeant in that township. They urge that the Department of Civil Service incorrectly ruled that their prior service with the Newark Police Department could not be tacked on for the eligibility prerequisite of five years of continuous service. Since they had not yet completed five years in Parsippany-Troy Hills prior to eligibility cut-off date, Civil Service ruled that the requirement of "continuous" service for this examination had not been satisfied.

The same issue had been raised collaterally by one of the petitioners herein in *Kloss v. Parsippany-Troy Hills,* 170 *N.J.Super.* 153, 161–162 (App.Div.1979), wherein we recognized petitioners' entitlement to seniority credit for services rendered in other jurisdictions for certain purposes. However, since the problem now before us had not been briefed at that time, we ordered a remand for an initial determination of this issue. The remand was rendered moot by the administrative decision involved in the instant appeal.

Petitioners rely on the following portions of *N.J.S.A.* 40A:9–5:

Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to [another municipal or county position] ..., in counties of the first or second class, the period of such prior service in said county or municipal employment, for any

purpose whatsoever shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.

This statute was recently declared unconstitutional, there appearing no rational basis to discriminate between employees in counties of the first and second classes and those in other counties. *Kenney v. East Brunswick,* 172 *N.J.Super.* 45, 52–53 (App.Div.1980). However, *Kenney* by its terms has no retrospective effect. *Id.* at 53. Since the administrative decision herein predated *Kenney,* we resolve this appeal without regard to the constitutionality of *N.J.S.A.* 40A:9–5. *See Grieco v. Newark Employees' Retirem. Sys.,* 173 *N.J.Super.* 474, 476 (App. Div.1980).

To the extent that *N.J.S.A.* 40A:9–5 conflicts with the Civil Service Act, the latter controls. *Parelli v. Civil Service Dep't,* 138 *N.J.Super.* 364, 365–366 (App.Div.1976), aff'd o. b. 72 *N.J.* 480 (1977). Petitioners contend that there is no conflict. Respondents, however, contend that several provisions of the Civil Service Act, as interpreted by Civil Service, implicitly mandate that promotional eligibility be based on continuous service in the jurisdiction in which the appointment is to be made.

■ While our conclusion is of limited significance in view of the unconstitutionality of the statute, we reject respondents' argument that a voluntary transfer accomplished by way of resignation in one jurisdiction and new appointment in another is not within the protective scope of *N.J.S.A.* 40A:9–5. *Kloss v. Parsippany-Troy Hills, supra,* 170 *N.J.Super.* at 156; *Widmer v. Mahway,* 151 *N.J.Super.* 79, 83 (App.Div.1977); *Pfeffer v. Delran,* 159 *N.J.Super.* 497, 504 (Law Div.1978); *Caldwell v. Rochelle Park,* 135 *N.J.Super.* 66, 78–80 (Law Div.1975). While the credit accorded by *N.J.S.A.* 40A:9–5 may not be applicable for promotional purposes from one job title to an unrelated job title, that issue is not before us. Here, the credits must be deemed available to petitioners unless prohibited by the Civil Service Act. *See Kloss v. Parsippany-Troy Hills, supra,* 170 *N.J.Super.* at 161–162.

Two provisions of the Civil Service Act are relevant. They provide:

Coincident with, and subsequent to, the adoption of this subtitle, the seniority rights of officers and employees shall be based upon the length of their respective prior and continuous services, and such additional and continuous services as they may render. [*N.J.S.A.* 11:21–9]

A vacancy in the higher classes of positions shall be filled, as far as it is consistent with the best interests of the service, by promotion following competitive tests open to those who have served a minimum time established by regulation in the lower class or classes of positions as may be designated. Promotions shall be based upon merit, to be ascertained by examinations provided by the commission, and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority and experience. [*N.J.S.A.* 11:22–34].

■ The Commission has long interpreted the "continuous services" referred to in *N.J.S.A.* 11:21–9 as services "in the jurisdiction, in all titles to which the examination is open." *The Civil Service Personnel Manual (Local Jurisdiction)*, subpart 8–4.101(b)(2) (issued December 29, 1979). Although the Commission's interpretation is not necessarily controlling, our courts have traditionally been reluctant to interfere with the Civil Service examination process. *Zicherman v. Civil Service Dep't*, 40 *N.J.* 347, 350–351 (1963); *Honachefesky v. Civil Service Comm'n*, 174 *N.J.Super.* 539, 542 (App.Div.1980). Where the Commission's interpretations have continued over a period of years without legislative interference they have been given great weight as evidence of the Legislature's intent. *Malone v. Fender*, 80 *N.J.* 129, 137 (1979); *Pringle v. Civil Service Dep't*, 45 *N.J.* 329, 333 (1965).

Pursuant to this interpretation, the agency seeks to assure promotion of employees familiar with local conditions and to encourage the loyalty of employees to their public employers. In our view, these goals justify the Commission's determination based upon its interpretation of the relevant statutory provisions.

■ We have considered the contention of petitioner Makowitz that he should be deemed to have become eligible to take the exam because he completed the necessary years of service within

the jurisdiction after the closing date for the exam but before the exam was given. We find this contention entirely without merit. *R*.2:11–3(e)(1)(D).

Affirmed.