WILLIAM GROCOTT AND PETER DEVLIN, PLAINTIFFS-APPEL-
LANTS, v. TOWNSHIP OF EWING AND CALVIN STEEPY,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 25, 1982—Decided November 10, 1982.

Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.

*Robert A. Farkas* argued the cause for the appellants (*Marinari & Farkas, P.A.,* attorneys).

*Charles P. Allen, Jr.* argued the cause for the respondents (*Dietrich, Allen & St. John,* attorneys).

The opinion of the court was delivered by

BISCHOFF, P.J.A.D.

William Grocott and Peter Devlin are police officers in the employ of defendant Township of Ewing. They instituted this action seeking to tack benefits under *N.J.S.A.* 40A:9–5 based upon prior employment in county government. They concede the statute was declared unconstitutional in the case of *Kenney v. East Brunswick Tp.,* 172 *N.J.Super.* 45 (App.Div.1980), but contend they are entitled to benefits since the court declared that its holding was "to be applied prospectively only."

Plaintiff Grocott was employed from March 25, 1974 to January 7, 1980 by the Mercer County Prosecutor's Office. He alleges that during pre-employment interviews with Captain Robert Plaag of defendant township police force there was a discussion concerning carrying into the new position benefits from his prior employment for the county. Grocott alleges Plaag advised him, he believed, that he would receive credit for his prior experience with the county, stating that three other officers were able to do so. He further stated that Grocott should make an application for such benefits after he had served his probationary period. Grocott commenced working for the defendant January 7, 1980.

Devlin was employed by Mercer County as a park policeman from September 15, 1975 to September 29, 1979. He commenced working for defendant township on September 30, 1979.

In a decision dated January 21, 1980 this court held *N.J.S.A.* 40A:9–5 unconstitutional because it violated the *N.J.Const.* (1947), Art. IV, § VII, pars. 8 and 10, concerning special or local laws regulating the internal affairs of municipalities. *Kenney v. East Brunswick Tp., supra.*

On March 7, 1980 Devlin made a request of defendant township for benefits due him from his prior experience with the county under the statute, *N.J.S.A.* 40A:9–5.

Grocott made a similar formal request of defendant township on March 13, 1980.

Defendant denied both requests and plaintiffs brought this action in lieu of prerogative writs seeking an order compelling defendant to extend the benefits requested. On cross-motions for summary judgment the court denied plaintiffs' motion and granted defendants' motion, holding that the *Kenney* decision barred their claims. He ruled that since plaintiffs made a formal demand for benefits after January 21, 1980, their claims fell within the "prospectively only" provision of the declaration of invalidity. He reasoned that "prospectively only" protected "people who have already had some type of a judicial or quasi-judicial determination of that tacking" prior to the date of the *Kenney* decision, and plaintiffs here did nothing prior to that date.

On appeal plaintiffs contend the *Kenney* decision should not apply to them because they were in the employ of defendant at the time of the *Kenney* decision and they have the right to tack benefits pursuant to *N.J.S.A.* 40A:9–5. They argue that when the court in *Kenney* said:

... in order to avoid a sudden and potentially extensive impact of our decision on other covered employees generally, it is, as to such employees and their municipal and county employers, to be applied prospectively only,

the phrase "other covered employees generally" referred to all county and municipal employees who had made a covered transfer, and that they were in that category.

Defendant, on the other hand, argues that "other covered employees generally" includes only employees who had instituted some form of claim for benefits at either the agency level or in court. And, since plaintiffs here first made a claim after January 21, 1980, they are not protected by the clause.

■ We hold that only employees eligible under *N.J.S.A.* 40A:9–5 for tacking benefits *and* who were receiving such benefits at the time of the *Kenney* decision or who had made a valid claim for benefits are entitled to receive benefits under this unconstitutional enactment.

■ As to plaintiff Devlin, he was employed by the defendant municipality in December 1979 and made no claim for benefits under that act until March 7, 1980. As to him we hold the summary judgment was properly entered, and it is affirmed.

As to plaintiff Grocott, he alleges that during his pre-employment interviews he discussed his entitlement to tacking benefits under the statute with a captain on defendant's police force. He also alleges he was informed other employees had been granted benefits and that he should apply for those benefits upon completion of his probationary period. The *Kenney* decision was announced prior to the end of his probationary period and he applied for benefits on March 13, 1980.

■ The trial court has never passed upon the credibility of Grocott's statements or whether his actions constitute grounds for the making of a valid claim for benefits prior to January 21, 1980. We therefore vacate the summary judgment granted to defendant dismissing the claim of Grocott and remand the matter to the trial court for further proceedings on the complaint of William Grocott.

We do not retain jurisdiction.