CORNELIUS P. SULLIVAN, BURLINGTON COUNTY PROSECU-
TOR, AND COUNCIL # 16, NEW JERSEY CIVIL SERVICE
ASSOCIATION, PLAINTIFFS-APPELLANTS, v. BURLINGTON
COUNTY BOARD OF CHOSEN FREEHOLDERS, DEFENDANT-
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1981—Decided June 8, 1981.

Before Judges MATTHEWS, MORTON I. GREENBERG and LOFTUS.

*Arnold M. Mellk*, argued the cause for appellant Cornelius P. Sullivan, Burlington County Prosecutor (*Greenberg & Mellk*, attorneys).

*John A. Sweeney*, argued the cause for appellant Council No. 16, New Jersey Civil Service Association (*Dietz, Allen & Sweeney, attorneys*).

*Martin Perrotta*, Asst. Burlington County Sol., argued the cause for respondent (*John E. Dimon*, Burlington County Sol., attorney).

The opinion of the court was delivered by

MORTON I. GREENBERG, J. A. D.

This action involves the interplay between the New Jersey Employer-Employee Relations Act, *N.J.S.A.* 34:13A-1 *et seq.*, the duties of the county freeholders with respect to the county budget and the powers of an assignment judge under *N.J.S.A.* 2A:158-7. The specific issue is whether if the freeholders refuse to fund an agreement reached between the prosecutor and an employee bargaining unit, the Superior Court, Law Division, in an action in lieu of prerogative writs, will compel the freeholders to appropriate money to implement the contract.

The germane facts underlying this appeal are not in substantial dispute. Plaintiff Sullivan at all times material to this case has been the Burlington County prosecutor. In 1979 plaintiff Council # 16, New Jersey Civil Service Association (Association), sought recognition from Sullivan as the employee representative of certain employees in his office pursuant to *N.J.S.A.* 34:13A-1 *et seq.* Sullivan accepted the Association as their

representative. Three separate negotiating units were established: (1) a clerical unit, (2) a unit of detectives, detective/sergeants and investigators and (3) a unit of lieutenants and captains. Sullivan and the Association then started negotiations in an attempt to reach employment agreements. The freeholders were aware of these negotiations. No later than August 4, 1980 Sullivan recognized that his budget would be inadequate to fund the proposed contracts because on that day he received a memorandum from his office manager projecting a shortfall of $60,756. Ultimately plaintiffs reached agreement and accordingly written contracts were executed on October 2 and 3, 1980. See *N.J.S.A.* 34:13A–5.3. These contracts established the terms and conditions of employment for 1980, 1981 and 1982 and were retroactive to January 1, 1980.

On October 6, 1980 Sullivan sent copies of the agreements to the freeholders. Since the appropriations for the prosecutor's office were insufficient to fund the agreements, he requested on October 27, 1980 that the freeholders implement the agreement. On November 3, 1980 John E. Dimon, Burlington County Solicitor, on Behalf of the freeholders, responded to Sullivan's request. Dimon specified that the freeholders had taken a firm position objecting to certain portions of the contracts but stated that "the door remains open for further discussion and reasoning."

On November 13, 1980 plaintiffs brought this action in lieu of prerogative writs in the Superior Court, Law Division. The complaint recited the execution of the contracts and alleged that the freeholders had refused to fund them. Plaintiffs sought a judgment requiring the freeholders to fund the contracts. Simultaneously with the filing of the complaint plaintiffs filed a motion for summary judgment returnable December 10, 1980. The freeholders filed an answer to the complaint. They set forth that the contracts were unreasonable. In addition, the freeholders asserted that Sullivan had "failed to exhaust the administrative and statutory remedies available to him pursuant

to *N.J.S.A.* 2A:158–7." The freeholders served a cross-motion to dismiss returnable December 10, 1980.

A hearing on the motions was held by Burlington County Assignment Judge Samuel D. Lenox, Jr. on December 10, 1980. No testimony was taken at that time since there was no dispute as to the facts. After hearing oral argument Judge Lenox held that Sullivan could not make a binding agreement without appropriations being available since, absent funding, he must seek relief from the assignment judge under *N.J.S.A.* 2A:158–7. Accordingly, on December 10, 1980 Judge Lenox signed an order dismissing the complaint.

Plaintiffs appeal from that order. Their contention as set forth in Sullivan's brief on this appeal is that "a collective negotiation agreement under the Employer-Employee Relations Act is a legal obligation which cannot be altered by action of the county board of freeholders." In essence, they contend that the contracts must be funded and that the procedure set forth in *N.J.S.A.* 2A:158–7 providing for additional funding of a prosecutor's expenses upon approval of the assignment judge is inapplicable to these contracts negotiated pursuant to *N.J.S.A.* 34:13A–1 *et seq.*

It is clear that Sullivan is the public employer of the Association's members for purposes of negotiation of contracts under *N.J.S.A.* 34:13A–1 *et seq.* *See In re Mercer Cty. Freeholder Bd. v. Mercer Cty. Prosecutor,* 172 *N.J.Super.* 411 (App.Div.1980); *In re Bergen Cty. Freeholder Bd. v. Bergen Cty. Prosecutor,* 172 *N.J.Super.* 363 (App.Div.1980). Thus, it was entirely proper for Sullivan to negotiate contracts with the Association though he recognized that there could be difficulties in funding them.

The procedure for a prosecutor who believes his appropriation from the freeholders is inadequate is set forth in *N.J.S.A.* 2A:158–7, providing as follows:

All necessary expenses incurred by the prosecutor for each county, in the detection, arrest, indictment and conviction of offenders against the laws shall, upon being certified to by the prosecutor and approved, under his hand, by a judge of the superior court or of the county court for such county, be paid by the

county treasurer whenever the same shall be approved by the board of chosen freeholders of such county. *The amount or amounts to be expended shall not exceed the amount fixed by the board of chosen freeholders in its regular or emergency appropriation, unless such expenditure is specifically authorized by order of the assignment judge of the superior court for such county.* [Emphasis supplied]

In *In re Schragger's Application*, 58 *N.J.* 274 (1971), and *In re Bigley's Application*, 55 *N.J.*, 53 (1969), the history and impact of *N.J.S.A.* 2A:158–7 were explained. Assignment judges acting under the section serve as legislative agents. They do not review the action or inaction of the freeholders. Rather, the judge, as legislative agent, makes an original evaluation of the prosecutor's request. *In re Bigley, supra,* 55 *N.J.* at 57. Importantly, the freeholders are given notice of the application and an opportunity to communicate their views to the assignment judge. 55 *N.J.* at 61.

Plaintiffs assert that the procedure under *N.J.S.A.* 2A:158–7 does not have to be followed because the contracts between plaintiffs are binding since the plaintiffs were authorized to make the contracts by *N.J.S.A.* 34:13A–1 *et seq.* Therefore the freeholders have the obligation to fund them and the assignment judge has no discretion under *N.J.S.A.* 2A:158–7 to reject them

The difficulty with plaintiffs' position is quite apparent. Even if it is assumed that the contracts are in fact binding and must be funded, we can perceive of no reason why the Legislature could not provide that plaintiffs' remedy in the face of the refusal of the freeholders to supply additional money to fund the contracts is under *N.J.S.A.* 2A:158–7. If, in fact, the contracts are binding, there is no reason why a judge acting under *N.J.S.A.* 2A:158–7 would be any less willing to give them full effect than he would sitting in an action in lieu of prerogative writ. In short, if *N.J.S.A.* 34:13:13A–1 *et seq.* permits a prosecutor faced with a budget shortfall to negotiate binding contracts, then its policy is not frustrated by requiring that relief

from an inadequate budget be obtained under *N.J.S.A.* 2A:158–7.[1]

There are obvious reasons why it is important that relief from a budget perceived by the prosecutor to be inadequate be sought under *N.J.S.A.* 2A:158–7 regardless of whether or not the contracts between plaintiffs are binding. If the contracts are not binding then it is beyond doubt that the Legislature contemplated that the assignment judge, as statutory agent, pass upon the proposed expenditures. Indeed, we do not think that plaintiffs would contend otherwise. If the contracts are binding, then the assignment judge, though being required to approve the contracts, could insist on reduced expenditures in other areas if that seemed appropriate. *N.J.S.A.* 2A:158–7 does not restrict the assignment judge's examination to any specific expenditures. Yet the complaint in this action does exactly that. It simply demands funding of plaintiffs' contracts. We do not, of course, suggest that we know of any place where expenditures in Sullivan's office could be reduced. But that is not our point. Rather we note that the assignment judge may make an overview of the prosecutor's entire office and couple relief to the prosecutor under *N.J.S.A.* 2A:158–7 to fund a contract negotiated under *N.J.S.A.* 34:13A–1 *et seq.* with reductions elsewhere. Plaintiffs' procedure would preclude such a result.

Finally, we note that the fact that the trial judge in this action is also the assignment judge does not affect our result. Plaintiffs did not request that he act under *N.J.S.A.* 2A:158–7. Indeed, for reasons that they deemed sufficient they did not want him to exercise his authority under that section. Accordingly, he quite properly dealt with the case in the procedural posture in which it was presented. Thus, our decision is without

---

[1]We hasten to add that we make no finding that in the absence of an adequate appropriation from the freeholders the prosecutor may make a binding contract under *N.J.S.A.* 34:13A–1 *et seq.* requiring an overexpenditure of his budget. Since plaintiffs have proceeded in a procedurally defective manner we do not reach the substantive issue.

prejudice to plaintiff Sullivan applying for relief under *N.J.S.A.*
2A:158–7.

The judgment of December 10, 1980 is affirmed.