923 A.2d 239 (2007)
393 N.J. Super. 213
In the Matter of the Application of Robert L. TAYLOR, Cape May County Prosecutor, for an Order Directing the Cape May County Board of Chosen Freeholders to Appropriate Necessary Funds for the Cape May County Prosecutor's Office.
Superior Court of New Jersey, Appellate Division.
Submitted March 20, 2007.
Decided May 9, 2007.
Cooper Levenson April Niedelman & Wagenheim, Atlantic City, for appellant/cross-respondent Cape May County Board of Chosen Freeholders (Russell L. Lichtenstein, and Gerard W. Quinn, on the brief).
Robert L. Taylor, Cape May County Prosecutor, for respondent/cross-appellant Cape May County Prosecutor's Office (Mr. Taylor, on the brief; J. Vincent Molitor, Assistant Prosecutor, of counsel and on the brief).
Before Judges KESTIN, WEISSBARD and GRAVES.
WEISSBARD, J.A.D.
In March 2006, Robert L. Taylor, the Cape May County Prosecutor (Prosecutor), filed a complaint under N.J.S.A. 2A:158-7 and In re Application of Bigley, 55 N.J. 53, 259 A.2d 213 (1969) (Bigley application), petitioning the County Assignment Judge for an order directing the Cape May County Board of Chosen Freeholders (Freeholders) to appropriate "necessary" funds for the Prosecutor's Office. *240 More specifically, the Prosecutor requested:
(1) additional funds necessary for the Prosecutor to meet the expenses of his office and to fulfill his statutory duties and responsibilities (count one);
(2) additional funds necessary to hire ten investigators in 2006, at varying levels of experience and commensurate salaries, with additional investigators and agents to be hired in 2007 and 2008, to hire four assistant prosecutors at entry-level to mid-range salaries, with two to be hired in 2006 and two in later years, to hire additional support staff, and to purchase equipment, vehicles, and other necessary resources as set forth in the Prosecutor's budget request (count two);
(3) $3.3 million, or such other sums necessary to complete and renovate the existing and unused third floor of the County Courthouse building for use by the Prosecutor's Office, or, alternatively, to obtain other centrally located office space of approximately 19,000 square feet to house the Prosecutor's Office in one location (count three);
(4) $456,860 in additional funds necessary to provide Prosecutor's Office employees with salary increases, bringing their salaries into line with the salaries of their statewide counterparts (count four); and
(5) $20,000 in additional funds for crime prevention education, community outreach, and school based programs (count five).
Along with his complaint, the Prosecutor submitted a letter brief in support of his application. In April 2006, the Freeholders filed their opposition.
The Cape May County Assignment Judge was unable to handle the case due to a conflict. Therefore, the application was assigned to Judge William C. Todd, III, as the Acting Assignment Judge. He heard argument and accepted testimonial and documentary evidence in hearings held on May 8, 9, and 11, and June 1, 2006.
Prior to and during the hearings, the Prosecutor and Freeholders reached compromise agreements as to most issues. The only issue that remained for resolution by Judge Todd was that of salary increases for the Prosecutor's Office employees.
By written opinion and order dated June 8, 2006, and by amended order dated June 13, 2006, Judge Todd directed the Freeholders to appropriate monies necessary to fund salary increases for the following employees, whose increases were not governed by existing collective negotiations agreements: the First Assistant Prosecutor, the Chief of Detectives, the Assistant Prosecutors, the Forensic Chemist, and five Agents.[1] The effective date of the increases was January 1, 2006. However, Judge Todd denied salary increases to those Prosecutor's office employees whose increases were governed by existing agreements. The judge stayed the salary increases pending resolution of any appellate proceedings.
The Freeholders have appealed, presenting the following issues:
I. THE TRIAL COURT ERRED IN GRANTING THE PROSECUTOR'S DEMAND FOR SALARY INCREASES WHEN THE PROSECUTOR CLEARLY HAD NOT ESTABLISHED THE THRESHOLD REQUIREMENTS FOR SUCH INCREASES *241 PURSUANT TO N.J.S.A. 2A:158-7.
A. THE TRIAL COURT MISAPPLIED THE APPROPRIATE STANDARD OF REVIEW, IN DEROGATION OF THE STATUTE AND THE NEW JERSEY CONSTITUTION.
B. THE ABSENCE OF A FACTUAL BASIS FOR THE TRIAL COURT'S CONCLUSIONS.
The Prosecutor has cross-appealed, raising the following arguments:
POINT I:
THE PROCESS BY WHICH A COUNTY PROSECUTOR MAY OBTAIN NECESSARY EXPENSES WHICH HAVE NOT BEEN PROVIDED FOR BY THE COUNTY BOARD OF CHOSEN FREEHOLDERS, COMMONLY KNOWN AS A BIGLEY APPLICATION, IS WELL-ESTABLISHED.
POINT II:
THE STATUTORY CONSTRUCTION OF THE TERM NECESSARY URGED BY DEFENDANT IS SO NARROW AS TO BE ABSURD, AND THE PRESIDING JUDGE'S INTERPRETATION OF THE TERM NECESSARY IS CORRECT.
POINT III:
THIS COURT SHOULD AFFIRM THE PRESIDING JUDGE'S DECISION TO GRANT SALARY INCREASES TO THE CHIEF OF COUNTY DETECTIVES, THE FIRST ASSISTANT PROSECUTOR, THE ASSISTANT PROSECUTORS, THE FORENSIC CHEMIST, AND THE FIVE AGENTS.
POINT IV:
THE PRESIDING JUDGE ERRED WHEN HE DETERMINED THAT THE PROSECUTOR COULD NOT REOPEN THE EXISTING COLLECTIVE BARGAINING AGREEMENTS TO GIVE A ONE-TIME INCREASE TO HIS EMPLOYEES' SALARIES SO AS TO BE COMMENSURATE WITH THE STATEWIDE AVERAGES OF ALL TWENTY-ONE COUNTY PROSECUTOR'S OFFICES.
A. THE COLLECTIVE BARGAINING PROCESS FOR A PROSECUTOR'S EMPLOYEES IS SUPPOSED TO BE A THREE PARTY NEGOTIATION WITH THE PROSECUTOR IN THE DOMINANT POSITION.
B. THE CAPE MAY COUNTY BOARD OF CHOSEN FREEHOLDERS, HAVING USURPED THE PROSECUTOR'S DOMINANT AUTHORITY FOR THE ESTABLISHMENT OF SALARIES FOR HIS STAFF, DID NOT NEGOTIATE IN GOOD FAITH.
C. THE CAPE MAY COUNTY BOARD OF CHOSEN FREEHOLDERS' ACTIONS CONSTITUTE A BREACH OF CONTRACT OF THE DUTY TO NEGOTIATE IN GOOD FAITH UNDER THE EMPLOYER-EMPLOYEE RELATIONS ACT.
D. OTHER COMPELLING CIRCUMSTANCES.
The parties dispute the standard of review applicable to Judge Todd's interpretation of the law, his fact-finding, his determination that the salary increases should be granted, and his determination as to the appropriate level of the salary increases. The Freeholders argue that a de novo standard applies to Judge Todd's legal conclusions. The Prosecutor responds that the applicable standard of review is the deferential standard applied to an administrative agency's decision, or a trial court's findings of fact.
*242 To the extent we review Judge Todd's interpretation of N.J.S.A. 2A:158-7, the standard of review is de novo. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995).
Assuming Judge Todd applied the correct legal standard, however, a different standard of review applies to his factual determinations and his rulings on the requested salary increases. When acting under N.J.S.A. 2A:158-7, Judge Todd was obliged to "make his own original evaluation of the prosecutor's request." Bigley, supra, 55 N.J. at 57, 259 A.2d 213. His obligation was to determine "what ought to be," as opposed to "whether the action or inaction of the board of freeholders was arbitrary or unreasonable." Id. at 57, 61, 259 A.2d 213.
As such, although the effect of his order was a final judgment binding on the Freeholders, he did "not exercise the judicial power of his office." Id. at 57, 259 A.2d 213. Rather, the statute "constitute[d] him a legislative agent," and he "exercise[d] a delegated legislative function." Ibid. See also In re Application of Schragger, 58 N.J. 274, 278-79, 277 A.2d 212 (1971) (delegation of legislative functions to judiciary under N.J.S.A. 2A:158-7 was not unconstitutional).
When an Assignment Judge acts as a legislative agent under N.J.S.A. 2A:158-7, our review is limited to whether the judge's decision was arbitrary, capricious, and unreasonable. In re Application of Ruvoldt, 187 N.J.Super. 81, 95, 453 A.2d 896 (App.Div.1982). See also In re Salaries for Prob. Officers of Bergen County, 58 N.J. 422, 426-27, 278 A.2d 417 (1971) (judges acting under N.J.S.A. 2A:168-8, to fix salaries, fringe benefits, and working conditions for probation officers, act as legislative agents, and their exercise of this power will be set aside only upon a showing that it was arbitrary, capricious, and unreasonable).
We have carefully reviewed the arguments of the parties in light of the record and applicable law under the standards noted above. Having done so, we affirm substantially for the reasons set forth by Judge Todd in his comprehensive and thoughtful thirty-five page written opinion, which is reported at 393 N.J.Super. 425, 923 A.2d 368, 2006 WL 4539333 (Law Div. 2006).
Affirmed.
NOTES
[1] Agents hold non-sworn positions within the Prosecutor's Office. They provide general support to the investigative and legal staff, for example, compiling records for the trial teams and serving as evidence custodians.